Douglas Baker, Appellant, *v.* Pennsylvania Public Utility Commission, Appellee, and Philadelphia Electric Company, Intervening Appellee.

Argued June 5, 1974, before President Judge Bow-man and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Lawrence Sager,* for appellant.

*Larry Gesoff,* Assistant Counsel, with him *Edward Munce,* Acting Counsel, for appellee.

*Ernest R. von Starck,* with him *Kenneth R. Myers* and, of counsel, *Edward G. Bauer, Jr.* and *Morgan, Lewis & Bockius,* for intervening appellee.

OPINION BY JUDGE ROGERS, July 17, 1974:

On July 14, 1972, Philadelphia Electric Company, intervening appellee, filed Supplements Nos. 5, 6 and 7 to its several electric tariffs. Supplement No. 5 provided an increase of about 3% over existing rates, Supplement No. 6 an increase of 6% over existing rates, and Supplement No. 7 an increase of 9% over existing rates. The proposed effective date of the increases was September 12, 1972, which was later voluntarily postponed to October 4, 1972.

In an order dated October 3, 1972, the Pennsylvania Public Utility Commission ordered the suspension of Supplement Nos. 6 and 7 and an investigation to be commenced of the lawfulness of Supplements Nos. 5, 6 and 7. Supplement No. 5 thus became effective on October 5, 1972.

The appellant in the instant proceedings, Douglas Baker, filed a complaint against the rate increases with the commission on August 14, 1972, as did a number of other persons.

The commission conducted lengthy public hearings, during all of which time the suspension of Supplements Nos. 6 and 7 was continued.

By its final order dated August 17, 1973, the commission found that the rates provided for in Supplement No. 7 were reasonable and proper and directed that they should become effective on August 21, 1973.

Baker, who had not participated in the hearings held in connection with the commission's investigation of the lawfulness of the said tariff Supplements, filed

a timely appeal to this court from the commission's August 17, 1973 order.

The appellant's brief and argument directly attack only the commission's order of October 3, 1972.[1] The appellant contends that the commission erred in failing by that order to suspend Supplement No. 5 without notice and opportunity to be heard afforded him and other persons who had filed complaints to the increases proposed by all three supplements. He argues first that language appearing in the preamble of the commission's order of October 3, 1972, constituted a finding of the regularity of an increase in rates, and that therefore the failure to suspend Supplement No. 5 was an adjudication fixing rates entered without required notice and hearing. Our reading of the commission's order compels us to a quite different conclusion. Indeed, the first sentence of the preamble states that the commission has information indicating that the increases proposed by all three Supplements may be unreasonable. By the first operative section of the order an investigation is directed of all Supplements and all Supplements were the subject of the lengthy hearings thereafter held. The fact that the commission referred in the preamble of its order to a finding, based on the utility's submissions, of an emergency situation which might jeopardize the financial integrity of Philadelphia

---

[1] Philadelphia Electric Company, the intervening appellee, has filed a motion to quash on the ground that the appellant did not file a timely appeal from the October 3, 1972 order. The appellant Baker has not briefed this question. The relief Baker seeks at our hands is, however, that we should set aside the increase in rates resulting from the effectiveness, as of October 5, 1972, of Supplement No. 5 and presumably that we should direct Philadelphia Electric Company to refund to customers that increase during the period October 5, 1972 until August 21, 1973. In this sense his attack, however ineffective, is at least indirectly upon the August 17, 1973 order. We accordingly dispose of the matter on its merits.

Electric Company unless Supplement No. 5 be not suspended, cannot fairly be read as a determination at that time of the reasonableness of the increase proposed by that Supplement. Thus are distinguished *West Penn Power Company v. Pa. P.U.C.*, 174 Pa. Superior Ct. 123, 100 A.2d 110 (1953), and *Pittsburgh v. Pa. P.U.C.*, 171 Pa. Superior Ct. 391, 90 A.2d 850 (1952), in both of which cases the commission erroneously passed final judgment on the reasonableness and effectiveness of new rates without notice and hearing. Here final judgment was specifically reserved on all three proposed tariffs, with only one not suspended during hearings.

The appellant also argues that (a) section 308 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, 66 P.S. §1148, and (b) "the principle of fair play and voluntary fairness" require a hearing before the commission may exercise its discretion not to suspend new and increased rates.

Insofar as the Public Utility Law is concerned, section 308 is clearly to the contrary of this argument. It provides by subsection (b) as follows: "Whenever there is filed with the commission by any public utility any tariff stating a new rate, the commission *may*, either upon complaint or upon its own motion, upon reasonable notice, enter upon a hearing concerning the lawfulness of such rate, and pending such hearing and the decision thereon, the commission upon filing with such tariff and delivering to the public utility affected thereby a statement in writing of its reasons therefor, *may*, at any time before it becomes effective, suspend the operation of such rate for a period not longer than six months from the time such rate would otherwise become effective, and an additional period of not more than three months pending such decision." (Emphasis supplied.)

The statutory scheme is that the commission may, on the filing of tariffs and without notice and hearing, permit rates to become effective pending decision concerning their lawfulness. It has been clearly so held. *Pittsburgh v. Pa. P.U.C.,* 178 Pa. Superior Ct. 368, 115 A.2d 858 (1955). Appellant further argues that he was entitled to notice and hearing pursuant to section 310 of the Law, 66 P.S. §1150. This section is concerned with so-called "temporary rates," that is, rates which may be fixed and prescribed by the commission, after notice and hearing, in a pending rate proceeding. Supplement No. 5 is not a temporary rate governed by section 310 but a voluntary rate under section 308.

The appellant gives us no specifics as to his contention that "fair play and fundamental fairness" require the commission to conduct a hearing for complainants on whether it should suspend voluntary rates. If the appellant's contention is based upon the due process clause of the Fourteenth Amendment to the United States Constitution, it has been clearly decided otherwise by the highest authority, *Holt v. Yonce,* 370 F. Supp. 374 (D.S.C. 1973), *aff'd* per curiam     U.S.      , 94 S. Ct. 1553 (1974).

Finally, we should not close without noting that three bills have been introduced in the last two sessions of the General Assembly, the effect of which would be to provide what the appellant contends is now the law.[2]

Order affirmed.

---

[2] House Bill 135, Printer's No. 155, Session of 1973, introduced January 23, 1973; House Bill 2197, Printer's No. 2593, Session of 1974, introduced on April 22, 1974; Senate Bill 1068, Printer's No. 1245, Session of 1973, introduced July 24, 1973.