City of Erie, Pennsylvania, Petitioner *v.* Pennsylvania Electric Company and Pennsylvania Public Utility Commission, Respondents.

Argued November 4, 1977, before Judges CRUM-
LISH, JR. and BLATT, sitting as a panel of two.

*Thomas D. Colbridge,* Assistant City Solicitor, for
petitioner.

*John Aulouiek,* with him *Steven A. McClaren,* As-
sistant Counsel, *Daniel F. Joella,* Assistant Counsel,
and *Barnett Satinsky,* Chief Counsel, for respondents.

OPINION BY JUDGE BLATT, March 23, 1978:

The City of Erie (Erie) has petitioned us to review
an order of the Pennsylvania Public Utility Commis-
sion (PUC) denying Erie's request that the Pennsyl-

vania Electric Company (PEC) be prohibited from collecting a state tax surcharge.

On March 10, 1970, the PUC issued an order labeled "State Tax Adjustment Procedure" which permitted public utilities, including PEC to impose a surcharge on customers, based on calculations specifically prescribed in the order, for the purpose of recovering a portion of legislatively imposed tax increases levied on the utilities during the latter part of 1969 and in February of 1970. The PUC explained in its order that the temporary[1] measure was necessary because it would be impossible for it to review the more than 600 individual rate increase requests with the promptness required to avoid "serious deterioration of service to the public." Erie alleges that it did not become aware of the imposition of the surcharge until 1975, when PEC began to list the surcharge as a separate item on Erie's bill, and on June 21, 1976 it filed a complaint with the PUC requesting that PEC be enjoined from collecting the surcharge in the future and that it be ordered to refund the surcharge money already paid by Erie. Erie argued that the tax surcharge was an illegal delegation of the legislature's taxing power, that the PUC lacked the authority to institute the state tax adjustment procedure, and that its action in doing so violated Article VIII, Section 8 of the Pennsylvania Constitution by lending the credit of the Commonwealth to public utilities. The PUC rejected these arguments and dismissed the complaint in an order entered on August 23, 1976. Erie has now asked us to review this PUC order.

In reviewing any PUC order, this Court is limited to considering only whether or not constitutional rights were violated, an error of law was committed,

---

[1] The PUC has changed the method of computation of the surcharge at least three times subsequent to March 10, 1970 to reflect changes in the taxes imposed on the utilities.

or whether or not the PUC's findings, determination, or order are supported by substantial evidence. *Stiteler v. Bell Telephone Co.*, 32 Pa. Commonwealth Ct. 319, 379 A.2d 339 (1977).

Erie argues that the PUC's March 10, 1970 order usurps the legislative function of taxation by placing the tax burden directly upon the users of electricity rather than upon the utility, as the legislature had intended. A similar argument, however, was raised and dismissed by our Superior Court in *Borough of Lansdowne v. Public Service Commission*, 74 Pa. Superior Ct. 203 (1920) (allocatur denied), in which Lansdowne had contended that, by fixing the rates to be charged by the local water company for fire hydrant service, the Public Service Commission (now the PUC) had imposed a tax on the Borough. The court dismissed this argument, holding that:

> There is no merit in the contention that the order of the commission is equivalent to a levy of taxes upon the borough. It is a determination of the fair, just and reasonable amount which the borough should pay for the fire protection service which it is receiving by its own motion. The commission no more levies a tax upon it than does a jury in an action against a borough upon a contract or in trespass.

74 Pa. Superior Ct. at 215.

Furthermore, the method of computing the state tax surcharge clearly indicates that only a *portion* of the actual tax levied is represented in the surcharge and that the surcharge only relates to the *increase* in the tax to be paid by the utilities. The recovery of all previously imposed taxes has been provided for in PEC's base rate, and the state tax surcharge listed on Erie's bill is not representative of Erie's total share of the utility taxes paid by PEC. We cannot agree, therefore, that the PUC has permitted PEC to "tax"

its consumers by imposing the prescribed state tax surcharge.

Erie also argues that the PUC lacks the statutory authority to implement a tax adjustment procedure which permits utilities to adjust their rates without requiring individual rate requests. Section 901 of the Public Utility Law[2] (Law), 66 P.S. §1341, provides the PUC with the "general administrative power and authority to supervise and regulate all public utilities doing business within this Commonwealth." Section 902 of the Law, 66 P.S. §1342, gives the PUC the duty "to enforce, execute, and carry out, by its regulations, orders, or otherwise" the provisions of the Public Utility Law, including Section 301, 66 P.S. §1141, which requires every rate received by a public utility to be "just and reasonable." Relying on these provisions, therefore, the PUC has clearly been held to be the appropriate forum for the determination of rates charged by public utilities, *Duquesne Light Co. v. Monroeville Borough,* 449 Pa. 573, 298 A.2d 252 (1972), and, while we are mindful that the powers of the PUC are limited to those expressly granted by the Law or those which arise by necessary implication therefrom, *Department of Highways v. Public Utility Commission,* 198 Pa. Superior Ct. 87, 182 A.2d 267 (1962), we believe that authority for the implementation of certain reasonable adjustments in utility rates can be implied from the PUC's duty to ensure that rates remain "just and reasonable." A public utility is clearly entitled to a fair rate of return on its investment, as determined by the PUC's consideration of many factors, including the costs of operating its facilities, *Public Utility Commission v. Pennsylvania Gas and Water Co.,* 19 Pa. Commonwealth Ct. 214, 341 A.2d 239 (1975), and the

---

[2] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1101 et seq.

amount of taxes paid by a utility must be considered as a legitimate operating expense. *The Bell Telephone Co. v. Public Utility Commission*, 17 Pa. Commonwealth Ct. 333, 331 A.2d 572 (1975). Under the Law, we have also previously recognized that the PUC has been given broad discretion to permit proposed rates to become effective or to suspend them with or without hearing. *See, e.g., Baker v. Public Utility Commission*, 14 Pa. Commonwealth Ct. 245, 322 A.2d 735 (1974). In addition, Section 308(a) of the Law, 66 P.S. §1148(a), provides that the "commission, for good cause shown, may allow changes in rates, without requiring the sixty days' notice, *under such conditions as it may prescribe*" (emphasis added). Recognizing that it could not feasibly consider individual rate requests in sufficient time to avoid a reduction in the fair rate of return to many utilities, the PUC ordered the implementation of a state tax adjustment procedure, and we believe that the Law provides it with the implied authority to take such action.

The last argument proposed by Erie is that the state tax adjustment procedure violates Article VIII, Section 8 of the Pennsylvania Constitution which prohibits the pledge or loan of credit of the Commonwealth for an improper private purpose. We have examined the cases cited by Erie[3] and we cannot agree that the PUC has permitted the Commonwealth's credit to be "pledged or loaned" as that term has been interpreted in these cases.

We will therefore affirm the order of the PUC which dismissed Erie's complaint.

---

[3] *Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 331 A.2d 198 (1975); *Johnson v. Pennsylvania Housing Finance Agency*, 453 Pa. 329, 309 A.2d 528 (1973); *Basehore v. Hampden Industrial Development Authority*, 433 Pa. 40, 248 A.2d 212 (1968); *Sharpless v. Mayor of Philadelphia*, 21 Pa. 147 (1853).

## ORDER

AND Now, this 23rd day of March, 1978, the order of the Pennsylvania Public Utility Commission dismissing the City of Erie's complaint is hereby affirmed.